IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**DONNA SHEDD, INDIVIDUALLY AND AS MOTHER AND NEXT OF KIN
OF JODIE WOODS
v.
LARRY DWAYNE WOODS
v.
COMMUNITY HEALTH SYSTEMS, INC., COMMUNITY HEALTH
SERVICES PROFESSIONAL CORPORATION, VOLUNTEER
COMMUNITY HOSPITAL, DAVID ORUMA, M.D., FIRSTCARE
MEDICAL CENTER, P.C., AND SHAM EDGE, R.N.**

**Appeal from the Circuit Court of Weakley County
No. 4203     W. Michael Maloan, Chancellor**

**No. W2012-01179-COA-R3-CV - Filed December 10, 2012**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of

jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

A<small>LAN</small> E. H<small>IGHERS</small>, P.J.,W.S., D<small>AVID</small> R. F<small>ARMER</small>, J., <small>AND</small> H<small>OLLY</small> M. K<small>IRBY</small>, <small>J.</small>

Perry A. Craft, Brentwood, Tennessee, for the Appellant, Donna Shedd

Paul A. Bates, Columbia, Tennessee, for the Appellee, Larry Dewayne Woods

This matter was previously before the Court in ***Shedd v. Community Health Systems, Inc.***, No. W2009-02140-COA-R3-CV, 2010 WL 4629020 (Tenn. Ct. App. Nov. 12, 2010).  The facts in that matter are set forth below:

> Donna Shedd ("Mother") and Larry Woods ("Father") divorced in 1991.  On June 20, 2006, the parties' adult daughter, Jodi Woods ("Daughter"), presented to the Volunteer Community Hospital emergency room complaining of a severe headache, sensitivity to light, neck pain, and severe anxiety.  Four days later she died from meningococcal meningitis and encephalopathy.
>
> On June 14, 2007, Mother filed a complaint for wrongful death based on medical malpractice against Volunteer Community Hospital and David Oruma, M.D.  Prior to the conclusion of a two-week jury trial from June 22, 2009 to July 7, 2009, a confidential settlement was reached with Dr. Oruma, who was dismissed with prejudice on July 2, 2009.  On July 7, 2009, the jury returned a verdict in favor of Volunteer Community Hospital.
>
> On July 16, 2009, Father filed a motion to intervene, seeking an equal division of the settlement proceeds.  Following an evidentiary hearing on September 3, 2009, the trial court entered an order denying Father's motion to intervene:
>
>> The Court finds that Mr. Woods has waived any rights he may have to participate in this suit or to share in the proceeds because of his inaction.
>>
>> The record reflects that following the death of his daughter, Mr. Woods did absolutely nothing about any potential claim he might have.  He did not seek legal advice nor did he consult with Ms. Shedd.  The Court also finds that it is inconceivable that Mr. Woods had no knowledge about the filing of the wrongful death claim.  There was extensive pretrial publicity

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

about the death of Miss Woods and, also, about the filing of the suit. The Court finds that Mr. Woods waited until the matter was concluded before making his claim thereby allowing him to avoid the expense and effort in bringing this case to conclusion. [footnote omitted] Therefore, the motion to intervene is denied.

Father appeals.

2010 WL 4629020, at *1. In that matter, we found that the trial court abused its discretion in denying Father's motion to intervene. Consequently, we vacated the order of denial and remanded the matter for further proceedings.

Upon remand, Appellant Donna Shedd filed a Notice of Appeal of the trial court's order of March 29, 2012. The Clerk of this Court received the appellate record and, pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared that it was impossible to ascertain whether or not the Court has jurisdiction. Specifically, the appellate record did not contain any trial court pleadings or orders entered prior to the entry of the "Findings of Fact and Conclusions of Law Granting Motion to Intervene" on March 29, 2012. Moreover, Appellee Larry Dwayne Woods filed a pleading styled "Motion for Disclosure, Release and Accounting, for Prejudgment Interest, and for Discretionary Costs" in the trial court on April 27, 2012, but there was no order in the record adjudicating this motion. In fact, the trial court entered an "Agreed Order" on June 15, 2012, which states that "it is agreed that the hearing on Mr. Woods's pending motions set for Monday, June 18, 2012, be continued subject to the motions being set for hearing within thirty (30) days of dismissal, affirmation or remand of Ms. Shedd's pending appeal."

Thus, by Order entered on July 11, 2012, the Court entered an Order directing Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. The trial court clerk was also directed to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the order. Our Order of July 11, 2012, further provided "[t]he supplemental record shall contain the order that is the final judgment in this matter, as well as the pleadings and orders that complete the appellate record."

Also, in our Order of July 11, 2012, the Court sought clarification from the trial court clerk regarding the actual filing date of the Notice of Appeal. Upon our review of the record, it appeared that Appellant Donna Shedd attempted to file a Notice of Appeal by facsimile on

April 26, 2012; the Tennessee Rules of Civil Procedure, however, do not permit fax filing of a Notice of Appeal.[2]

The appellate record also contained an original Notice of Appeal that was stamped "filed" on April 26, 2012, although there is correspondence from Appellant's counsel's office dated May 1, 2012, indicating that the original Notice of Appeal was enclosed. Thus, it is impossible to tell the actual date that the original Notice of Appeal was received and stamped "filed" by the trial court clerk.

Thus, in our Order of July 11, 2012, the Court directed the trial court clerk to transmit to the Clerk of this Court a separate certified, supplemental record containing only a copy of the original Notice of Appeal with the correct date of filing, within five days of the entry of this Order.

On July 18, 2012, the Clerk of this Court received a supplemental record from the trial court clerk containing only a copy of the Notice of Appeal with a file stamped date of April 26, 2012. Then, on July 23, 2012, the Clerk of this Court received another supplemental record containing an order of the trial court entered on July 23, 2012 which provided:

> This Court is of the opinion that its March 29, 2012 [sic] is a final order or final judgment with regard to the principal issue, whether Mr. Woods may intervene in this action. Accordingly, it is a final order or final judgment.

---

[2]Rule 5A.02(4) of the Tennessee Rules of Civil Procedure provides:

> The following documents shall not be filed in the trial court by facsimile transmission:
>
> (a) Any pleading or similar document for which a filing fee and/or litigation tax must be paid (excluding the facsimile service charge), including, without limitation, a complaint commencing a civil action, an appeal from the general sessions court to the circuit court, and an appeal to a trial court from an inferior tribunal, board or officer;
>
> (b) A summons;
>
> (c) A will or codicil to a will; a bond; or any pleading or document requiring an official seal;
>
> (d) A confidential document that the court previously has ordered to be filed under seal;
>
> (e) **A notice of appeal**.

Tenn. R. Civ. P. 5A.02(4) (emphasis added).

All other pending motions raised by Mr. Woods or his counsel are premature, and therefore they are denied without prejudice to Mr. Woods or his counsel to raise them upon remand from the Court of Appeals.

As of this date, the Clerk of this Court has received nothing further to supplement the appellate record in this matter.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

In the instant matter, we note that the appellate record does not even contain a copy of Appellee's motion to intervene. Consequently, there is no way the Court can ensure that the order appealed adjudicated all claims contained in the motion to intervene. Clearly, there are other matters to be resolved between the parties subsequent to the trial court's order granting intervention. Although the trial court purported to deny without prejudice Appellee's pending claims, those claims were the reason that Appellee initially sought to intervene in the action, *i.e.*, to share in the settlement proceeds. Thus, the order appealed cannot be a final judgment and this Court lacks jurisdiction to hear this matter. Accordingly, the timeliness of the filing of the Notice of Appeal is moot.

### CONCLUSION

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Donna Shedd, and her surety, for which execution may issue, if necessary.


**PER CURIAM**